Ilsley, J.
The plaintiff claims from the defendant, as damages, the. *131 sum of four thousand dollars, for the non-performanco of a contract of sale, which contract is evidenced by the following receipt, signed by the defendant :
“ Received William Pratt, this the 31st day of December, 1863, one thousand dollars, part payment on thirteen bales of cotton, at the rate of forty-seven cents per pound; cotton to be delivered at Pratt’s plantation in good order, payment in full on delivery of cotton.”
The defense was a general denial and a special averment that the plaintiff had no right to prosecute his action without a previous tender of the unpaid price of the cotton specified in the contract of sale, accompanied . with an amicable demand for its delivery previous to the institution of his action; which demand and tender the defendant expressly denies ever having been made previous to the institution of the suit.
The case was submitted to a jury, which rendered a verdict in favor of the plaintiff, and from the judgment of the Court, affirming the same, the present appeal is taken.
On the trial of the case, the Judge charged the jury that where a particular act is to be performed, at a designated time and place, and the party to perform is not at the placo when the time arrives, ready to perform, he is in delay by the expiration of the time, and no other putting-in default is necessary; and that, for the plaintiff to go to the plantation of defendant to demand a performance would be simply ridiculous, as the party could only be put in default by such demand at the time and place designated in the contract; and to this charge the defendant excepted, and tendered his bill of exceptions, which was signed by the Judge.
Wo can perceive no difference in principle between the present ease and that of Erwin v. Fenwick, 6 N. S. 229, in which it was held that damages cannot be claimed in a contract to deliver slaves at a designated place till the party is put in delay, although the day of delivery be fixed by the contract, and that the putting in delay is a condition precedent to recovery. By reference to the contract, the breach of which is the alleged basis of the present action, no time is fixed for the delivery of the cotton.
The plaintiff might, therefore, have claimed an immediate performance, 1907 Civil Code. 6 Toullier, 609. But the breach alleged being- a negative or passive one, no damages therefor could be recovered without proof of putting in default. See Hennen’s Digest, vol. 2, p. 1019, 2. 1906, 1907 C. C. Govet v. Municipality No.1 , 11 An. 300. 7 La. 193. 17 An p. 32.
As the plaintiff had not alleged or proved that the defendant had been put in default, in any one of the three different ways pointed out by law, the Judge erred in charging the jury in the manner stated in the bill of exceptions, and also in rendering judgment in accordance with the verdict.
It is therefore ordered, adjudged and decreed, that the verdict of the jury be set aside, and that the judgment thereupon rendered by the Court below be annulled, avoided and reversed ; and it is further ordered, that judgment be and it is hereby rendered in favor of the defendant and against the plaintiff, as in ease of nonsuit, at the costs of th© appellee.